[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-12372

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

LAMAR LAURISTON LINDSAY,
a.k.a. Linsey Lamar,
a.k.a. Lamar S. Rowe,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

D.C. Docket No. 0:22-cr-60018-WPD-1

_____

Before NEWSOM, GRANT and DUBINA, Circuit Judges.

PER CURIAM:

Appellant Lamar Lindsay, proceeding with counsel, appeals his total sentence of 135 months' imprisonment for attempting to distribute methamphetamine and possessing methamphetamine with intent to distribute. On appeal, he argues that the district court erred by finding that he was ineligible for safety valve relief under 18 U.S.C. § 3553(f) because he met just one of the disqualifying criteria in § 3553(f)(1). Having read the parties' briefs and reviewed the record, we vacate Lindsay's sentence and remand this case to the district court for resentencing.

**I.**

We review a district court's interpretation of § 3553(f) *de novo*. *United States v. Garcon*, 54 F.4th 1274, 1277 (11th Cir. 2022) (*en banc*), *petition for cert. filed* (U.S. Mar. 8, 2023) (No. 22-851).

**II.**

If a defendant meets the criteria in § 3553(f), he is entitled to a two-point offense level reduction under U.S.S.G. § 2D1.1(b)(18), and the district court must sentence him without regard to any statutory minimum sentence. U.S.S.G. §§ 2D1.1(b)(18), 5C1.2; 18 U.S.C. § 3553(f). The safety valve provision in § 3553(f)(1) applies if the district court finds that the defendant does not have more than four criminal history points, a prior three-point offense, *and* a

prior two-point violent offense.  § 3553(f)(1).  In *Garcon*, we held that the word "and" in § 3553(f)(1) is conjunctive, and that a defendant is not disqualified from safety valve relief unless he meets all three of the disqualifying criteria listed in § 3553(f)(1).  *Garcon*, 54 F.4th at 1278-80.  The government concedes that, under this rule, Lindsay is eligible for safety valve relief.

## III.

The record demonstrates that the district court erred by finding that Lindsay did not qualify for safety valve relief under § 3553(f)(1).  We stated in *Garcon* that a defendant is ineligible for safety valve relief solely if all three disqualifying criteria in § 3553(f)(1) are met.  *See Garcon*, 54 F.4th at 1278.  The record indicates that Lindsay had one disqualifying factor under § 3553(f)(1) because he had a prior three-point offense, but he did not have more than four criminal history points or a prior violent two-point offense.  *See* § 3553(f)(1).  Because he did not meet all three disqualifying criteria, he was not disqualified from obtaining safety valve relief.  *See Garcon*, 54 F.4th at 1278.

Here, the district court declined to apply the safety valve; however, it selected a sentence within the guidelines range that would have applied if it had applied the safety valve provision.  Under *United States v. Keene*, 470 F.3d 1347, 1349-50 (11th Cir. 2006), a court can render a purposed guidelines error harmless by stating that it would impose the same sentence even if the defendant prevailed on that issue.  If the district court makes a clear *Keene* finding, then we need not review the disputed issue, but rather, we can

affirm if the final sentence imposed based on the § 3553 factors is reasonable. *Id.* The district court did not make a clear *Keene* finding; thus, we conclude the sentencing error was not harmless. Lindsay qualified for a two-level safety valve reduction, and he was entitled to be sentenced without regard to any statutory minimum sentence. Accordingly, the district court erred in its determination that Lindsay was not eligible for safety valve relief, and we remand to the district court for resentencing consistent with this opinion.

**VACATED AND REMANDED.**